**HUMPHREY & PETERSEN, P.C.**
    3861 E. THIRD STREET
    TUCSON, ARIZONA 85716
    TELEPHONE: 520-795-1900

Andrew J. Petersen, State Bar No. 016699      15000.0021/1968
    APetersen@humphreyandpetersen.com
    Attorney for Pima County Sheriff Mark Napier

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Karl Daschke, Gretchen Daschke, Joshua Daschke, and Gretchen Daschke, mother and Legal Guardian of ZD, a minor; and Gretchen Daschke, mother and Legal Guardian of ND, a minor, <br><br> Plaintiffs, <br><br> -vs- <br><br> Theodore Hartenstein, J.P. Siress, and Mark Napier, Pima County Sheriff Office; Pima County Board of Supervisors; and Gerardo Telemantes, Mildred Jimenez, Vakerie Wilhoite, and Karla Grove (AZDCS), <br><br> Defendants. | NO. 4:17-cv-00456-JGZ <br><br> MOTION FOR PROTECTIVE ORDER AND AN ORDER QUASHING SUBPOENAS |

Pursuant to FRCP 26(c)(1) and 45(d)(3), Pima County Sheriff's Department requests a protective order and an order quashing two subpoenas. PCSD is no longer a party to this lawsuit and was dismissed with prejudice on March 5, 2018. (Docket # 49.)

This past Monday, May 28, 2018, the Pima County Sheriff's Department was served with two subpoenas. The subpoenas request depositions for next week, June 6, 2018. The unserved subpoenas were previously provided to defense counsel on May 10, 2018. Attached

as Exhibit A is the subpoena directed to Detective Matthew Schilb.  Attached as Exhibit B is the 30(b)(6) subpoena. PCSD has objected to the subpoenas. Plaintiffs' counsel, nonetheless, insists on moving forward with the depositions despite the objections and without a court order. Pursuant to LRCiv 7.2(j), undersigned counsel attaches as Exhibit C a certification that a sincere effort has been made to resolve this dispute without court intervention.

Simply, the subpoenas either request information previously provided to the Plaintiffs or, as to the 30(b)(6) designee, would require such a designee to review thousands of pages of investigations and conduct interviews of PCSD employees who were involved in those investigations.  Such would place an unnecessary and undue burden on the PCSD.

PCSD previously provided a 30(b)(6) witness who was deposed on February 27, 2018. Plaintiffs demanded a 30(b)(6) witness testify on this subject:

> The formation and operation of Pima County Sheriff Departments' "Mansion Parties" Task Force and related activities.

(Docket # 34.)  That witness was asked numerous questions on this broad subject.  PCSD has also responded to Plaintiffs' demands for documents. PCSD has also asked Plaintiffs to clarify any additional information they seek.  Plaintiffs now give vague statements as to what specific information they seek and are imposing unnecessary costs and expenses on PCSD.

Plaintiffs have turned discovery into a fishing expedition.

First, Exhibit A is a subpoena designated to PCSD Detective Schilb.  Detective Shilb is in the intelligent unit and is a forensic examiner. Exhibit A asks for documents and states:

1. All documents, including ESI, related to PCSD forensic examiners discovery, monitoring, and analysis of the "TucsonParties" [@PartiesTucson] Twitter account;

   a. Unless included in the previous category, all documents, and data produced by Twitter, Inc. related to warrant 17SW0294.

. . .

. . .

2

    2.    All documents, including ESI, related to PCSD forensic examiners discovery, monitoring, and analysis of TC's Twitter account between 08/2016 – Present.

    3.    All documents, including ESI, related to the date of discovery, source and person(s) who discovered the Twitter-related content contained in warrant 16SW2389 dated 12/13/16.

    4.    All documents, including ESI, related to dates of cell phone content downloads by PCSD from devices obtained in warrants 16SW1622, 16SW1821, and 16SW2389.

These documents and the information requested were provided to Plaintiffs on a separate drive on January 18, 2018. That information included forensic examiners' downloads and reports related to the downloads. Plaintiffs have also been specifically told where on the drive they can find the general reports that detail what was done by the forensic examiners including when downloads were completed. Since the subpoena is for documents and those documents have been provided, there is no reason to insist on deposing Detective Schilb.

    Second, Exhibit B is a Notice of Deposition for a (30)(b)(6) Designee. As an exhibit to the (30)(b)(6) deposition, Plaintiffs ask that a representative testify about:

    1.    PCSD forensic examiners discovery, monitoring, and analysis of the "TucsonParties" [@PartiesTucson] Twitter account; including warrant 17SW0294.

    2.    PCSD forensic examiners discovery, monitoring, and analysis of TC's Twitter account between 08/2016 – Present.

    3.    Date of discovery, source and person(s) who discovered the Twitter-related content contained in warrant 16SW2389 dated 12/13/16.

    4.    Dates of cell phone content downloads by PCSD from devices obtained in warrants 16SW1622, 16SW1821, and 16SW2389.

Again, as to the forensic examiners work in numbers 1 and 2, such work is detailed in the general reports that have been provided. Beyond this, the requests as to date of discovery, source, and person(s) involved in warrants are overly broad, inefficient, and unduly burdensome. Either they are identified in the previous disclosed documents and reports or a

Designee would have to review thousands of pages of reports and then conduct interviews of everyone involved as to those warrants. The Designee would also be giving an interpretation of previously provided information. That is unnecessary and an unduly burdensome task when specific answers can better be answered by the detectives who either prepared or were involved in obtaining the actual warrants. They are actual parties to this lawsuit. They can testify as to what was done when they are deposed. Or, Plaintiffs can seek more specific information in interrogatories.

The underlying evidence and reports have already been disclosed. Neither deposition would produce any new or meaningful information and any such information would be better obtained from detectives involved in the investigations and obtaining the warrants. PCSD requests a protective order and/or a order quashing the subpoenas.

DATED this 30th day of May, 2018.

HUMPHREY & PETERSEN, P.C.

BY: */s/ Andrew J. Petersen*
ANDREW PETERSEN
Attorneys for Defendant Pima County Sheriff Mark Napier

**CERTIFICATE OF SERVICE**

I hereby certify that on May 30, 2018, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael Garth Moore
9040 N. Placita Verde
Tucson AZ 85704
Attorney for Plaintiffs

. . .

. . .

. . .

1  Jennifer Sanders
   Jason Corley
2  Assistant Attorney General
   Attorney General
3  416 W. Congress 2nd Fl.
   Tucson AZ 85701
4  Attorneys for Defendants Talamantes, Jimenez, Wilhoite and Grove

5  Daryl Audilett
   Audilett Law PC
6  335 N. Wilmot Road, Suite 500
   Tucson Arizona 85711-2636
7  Attorney for Defendants Hartenstein and Siress

9  */s/ Andrew J. Petersen*

14  H:\MHFILES\1500021\MtnProtectiveOrder.wpd