**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karl Daschke, et al., | No. CV-17-00456-TUC-JGZ |
| Plaintiffs, | **ORDER** |
| v. | |
| Theodore Hartenstein, et al., | |
| Defendants. | |

Pending before the Court is Plaintiffs' Motion for Order Amending Scheduling Order and for Leave to File Proposed First Amended Complaint (Doc. 53). Plaintiffs seek to file an amended complaint, most significantly, to add a claim for First Amendment retaliation against the defendant employees of the Arizona Department of Child Safety (DCS). DCS employees Gerardo Talamantes, Mildred Jimenez, and Valarie Brown oppose the Motion. (Doc. 54). For the following reasons, the Court will deny the Motion.

**Discussion**

The Court set a March 12, 2018 deadline for requests to amend the pleadings. (Doc. 46 at 2.) In its scheduling order, the Court advised the parties if a request for leave to file an amended complaint is brought after the deadline, the moving party must satisfy Rule 16(b)'s good cause standard. (*Id.* at n.3 (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992); *Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1294 (9th Cir. 2000).) "Rule 16(b)'s 'good cause' standard primarily considers the

diligence of the party seeking the amendment." *Johnson,* 975 F.2d at 609. Moreover, "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* (citation omitted).

Plaintiffs filed their motion to amend on March 30, 2018, shortly after the Court's deadline. Plaintiffs assert that new facts were obtained during the deposition of DCS employee Valarie Wilhoite Brown[1] which demonstrate good cause for the proposed amendment and the addition of the retaliation claim. According to Plaintiffs, "[t]hree salient facts were confirmed at the deposition, which were not previously sufficiently developed": (1) Brown confirmed that at the commencement of the Team Decision Making (TDM) meeting, Karl and Gretchen Daschke had advised that they did not wish to speak; (2) Brown admitted that DCS had no additional facts at the end of the meeting than had been known to the caseworker and supervisor before the meeting started; and (3) Brown confirmed that DCS practice is to never seek a judicial order approving the seizure of a minor, no matter what facts exist. (Doc. 53, p. 2.)

The Court agrees with Defendants that Brown's deposition testimony does not provide new information which would demonstrate good cause to allow the request for amendment. As to the first fact, Brown's testimony provides no new information. Plaintiffs knew prior to the proposed amendment whether Plaintiffs advised participants at the beginning of the TDM that Plaintiffs did not wish to speak. Plaintiffs also knew whether they explained that their decision not to participate was based on advice of counsel. Brown's deposition testimony does not provide any additional information as to these points.[2]

---

[1] The Complaint and proposed First Amended Complaint refer to Defendant Brown by the name of Wilhoite. (Doc. 1 at ¶¶ 4, 94; Doc. 53-2 at ¶¶ 3, 93.)

[2] Further, the record reflects that in December 2017, the DCS Defendants provided Mandatory Initial Discovery Responses indicating that at the TDM meeting:

> The Daschkes stated they were there not to participate in the meeting but to document it. The Daschkes were aware of ZD's drug and alcohol use but refused to agree to behavioral health or substance abuse services offered for him. The Daschkes were also aware of ND's self-harming behaviors but

As to the second point, Brown did not admit at her deposition that DCS had no additional facts at the end of the meeting than it had before the meeting started. In fact, according to the deposition transcript, Brown was asked where she got information that Plaintiffs would not address the concerns or advise DCS they would address concerns independently, and Brown responded: "Based on discussion at the team decision meeting." (Doc. 54, p. 5.) Similarly, Brown's deposition testimony cannot be fairly read as support for Plaintiffs' third contention -- that Brown confirmed that the DCS practice is to never seek a judicial order approving the seizure of a minor. (Doc. 54, Exh. A, pp. 31-33.)[3]

Even if Plaintiffs satisfied the requirements of Rule 16(b), Rule 15(a), Fed. R. Civ. P., does not support the request for amendment. Under that rule, "[t]he court should freely give leave [to amend] when justice so requires," considering whether: (1) there has been undue delay, bad faith, or dilatory motive on the part of the moving party; (2) there have been repeated failures to cure deficiencies by previous amendments; (3) there has been undue prejudice to the opposing party by virtue of the allowance of the amendment; and (4) amendment would be futile. Rule 15(a), Fed. R. Civ. P.; *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). In evaluating undue delay, the court "do[es] not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order. Rather, in evaluating undue delay, [the court] also inquire[s] whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen, Corp. v. Dialysist West, Inc.,* 465 F.3d 946, 953

---

blamed a girlfriend. They also refused to agree to behavioral health or substance abuse services offered for ND.

(Doc. 54, Ex. B at 5.) This disclosure also shows that Brown's March 2018 deposition testimony did not provide new information as to these points.

[3] At the time that Plaintiffs filed their motion to amend, they did not have the transcript of Brown's deposition testimony. Plaintiffs did not file a reply disputing the contents of that transcript which was subsequently produced and provided to the Court. The Court therefore concludes that Plaintiffs do not dispute Defendants' arguments that Brown's testimony was misstated, and notes that the transcript supports that argument.

(9th Cir. 2006) (internal quotation marks and citation omitted). The Ninth Circuit has "noted that late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists & Aerospace Workers,* 781 F.2d 1393, 1398 (9th Cir. 1986). As discussed above, Plaintiffs have failed to present new facts that were not known to Plaintiffs prior to the request for amendment.

The Court notes that in some instances, Plaintiffs' proposed First Amended Complaint refers to ND and ZD by their full names or first names. Pursuant to Rule 5.2(a)(3) of the Federal Rules of Civil Procedure and General Order 08-11 of the U.S. District Court for the District of Arizona, personal identifiers such as names of minor children must either be excluded or partially redacted from the Complaint. Only the minor's initials may be used in court filings. *See* Fed.R.Civ.P. 5.2(a)(3); General Order 08-11. Because Plaintiffs' proposed First Amended Complaint contains the minors' full names, the Court will direct the Clerk to seal that document.

Accordingly,

IT IS ORDERED:

1. Plaintiffs' Motion for Order Amending Scheduling Order and for Leave to File Proposed First Amended Complaint (Doc. 53) is DENIED;

2. The Clerk of Court shall SEAL Doc. 53-2.

Dated this 30th day of July, 2018.

_____
Honorable Jennifer G. Zipps
United States District Judge